IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-50173
_____

BERNARD M. PEREZ,
on behalf of himself and all
others similarly situated,

                                        Plaintiff,

and

FERNANDO E. MATA,

                                        Movant-Appellant,

                        versus

FEDERAL BUREAU OF INVESTIGATION,
EDWIN MEESE, Attorney General,
WILLIAM S. SESSIONS, Director,
Federal Bureau of Investigation,

                                        Defendants-Appellees,

and

WILLIAM H. WEBSTER, Director,
Federal Bureau of Investigation,

                                        Defendant.

_____

Appeal from the United States District Court
for the Western District of Texas
_____

December 13, 1995

Before JOLLY, WIENER and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:

    Movant-Appellant Fernando E. Mata, a former employee of the

Federal Bureau of Investigation (FBI), appeals the district court's

order dismissing, for lack of jurisdiction, Mata's motion seeking

relief under Title VII[1] on grounds of retaliation for his participation, on behalf of present and former Hispanic employees, in the instant class action lawsuit against the FBI.[2]  In that suit, the district court found no retaliation against any class member other than the named plaintiff, Bernardo Perez.[3]

Mata alleged that, in violation of § 704 of Title VII,[4] the FBI took acts of retaliation against him by revoking his top-secret security clearance and firing him.  Employment like Mata's with the FBI requires top-secret security clearance, so the FBI's revocation of Mata's clearance was tantamount to firing him because his eligibility to serve terminated automatically as a result of the loss of that clearance.  In response to Mata's allegations that the revocation of his clearance and resulting firing were retaliatory, the FBI proffered, as non-discriminatory reasons for such adverse employment actions, that Mata (1) fabricated official reports, and (2) disclosed classified information to unauthorized representatives of the Cuban Government.  In the ordinary Title VII situation, that would put the ball in Mata's court to show pretext.

Observing that the essence of the retaliation asserted by Mata is the FBI's decision to revoke his security clearance, the district court concluded that it lacked subject matter jurisdiction

---

[1] 42 USC § 2000e, et seq.

[2] See Perez v. FBI 707 F. Supp. 891 (W.D. Tex. 1988) (liability phase); see also Perez v. FBI 714 F. Supp. 1414 (W.D. Tex. 1989) 1989) (recovery phase).

[3] Perez, 707 F. Supp. at 926.

[4] 42 USC § 2000e-3(a).

2

to review his claim and entered an order of dismissal.  It is that order of the district court which is appealed herein by Mata.

Although we understand and sympathize with Mata's frustration at not being able to obtain judicial review of his retaliation claims, we come inevitably to the same conclusion reached by the district court:  Because the court would have to examine the legitimacy and the possibly pretextual nature of the FBI's proffered reasons for revoking the employee's security clearance,[5] any Title VII challenge to the revocation would of necessity require some judicial scrutiny of the merits of the revocation decision.[6]  As the Supreme Court and several circuit courts have

---

[5]See Brazil v. U.S. Dept. of the Navy, 66 F.3d 193 (9th Cir. 1995) (discussing McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)).

[6]We also understand the concern of federal agents, whose employment is conditioned on security clearances, that the lack of judicial review creates the potential for abuse by the agencies and bureaus employing them.  This result, however, is required by the fact that security clearance determinations are "sensitive and inherently discretionary" exercises, entrusted by law to the Executive.  Department of Navy v. Egan, 484 U.S. at 527-29. "Predictive judgments of this kind" properly are left to "those with the necessary expertise in protecting [the sensitive material,]" rather than in the hands of "an outside nonexpert body" or the equally nonexpert federal courts.  Id. at 529; see also Webster v. Doe, 486 U.S. 592, 601 (1988) ("[T]he [Central Intelligence] Agency's efficacy, and therefore the Nation's security, depend in large measure on the reliability and trustworthiness of the Agency's employees. . . .[E]mployment with the Agency entails a high degree of trust that is perhaps unmatched in Government service.").  Accordingly, review of these decisions is left to the respective departments of the Executive Branch, which have internal administrative procedures in place for adjudicating employee complaints of discrimination and appeals therefrom.  We must stress, therefore, that the Executive Department--in this instance, the Attorney General, the Department of Justice, the Director of the FBI, and the Inspector General-- bears a heavy responsibility and special duty of fairness to ensure that its agencies and bureaus do not trample the rights of their

3

held that such scrutiny is an impermissible intrusion by the Judicial Branch into the authority of the Executive Branch over matters of national security, neither we nor the district court have jurisdiction to consider those matters.[7]

In addition to concluding that it lacked subject matter jurisdiction to address Mata's Title VII claim, the district court also determined that it lacked such jurisdiction to address Mata's <u>Bivens</u> claims under the First and Fifth Amendments. In so doing, the court correctly relied on Supreme Court and Fifth Circuit precedent to the effect that Title VII provides both the exclusive cause of action and the exclusive remedy for federal employees who wish to assert claims of employment discrimination.[8]

In sum, our review of the evidence and the applicable law convinces us that the determinations of the district court are free of reversible error. We are led, therefore, to the unavoidable conclusion that neither the district court nor this court on appeal has subject matter jurisdiction to consider Mata's Title VII or <u>Bivens</u> claims. The rulings of the district court regarding Mata's motion are, therefore,

AFFIRMED.

---

employees in employment matters.

[7] <u>See e.g.</u>, <u>Department of the Navy v. Egan</u>, 484 U.S. 518 (1988); <u>see also</u> <u>Webster v. Doe</u>, 486 U.S. 592 (1988).

[8] <u>See</u> <u>Brown v. General Services Administration</u>, 425 U.S. 820 (1976) (Title VII provides exclusive judicial remedy for claims of discrimination in federal employment); <u>Porter v. Adams</u>, 639 F.2d 273 (5th Cir. 1981).

4