United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 27, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-30140
_____

RONALD EDWARD CARTER,

Plaintiff-Appellant,

versus

PAUL O'NEILL, SECRETARY, DEPARTMENT
OF TREASURY,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
(00-CV-1125)
--------------------

Before JOLLY and WIENER, Circuit Judges, and ROSENTHAL,[*] District
Judge.

PER CURIAM:[**]

Plaintiff-Appellant Ronald Carter, a white male GS-12 revenue

agent employed by the Internal Revenue Service ("IRS"), filed the

instant reverse discrimination employment action against Defendant-

Appellee Paul O'Neill, Secretary, U.S. Department of the Treasury,

asserting that he was denied a promotion because of his race and

sex.  Carter claims (1) institutional discrimination arising from

---

[*] District Judge of the Southern District of Texas, sitting by
designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the IRS's strategic initiative ERR-16 as systematically discriminating against white males since 1990, in violation of Title VII of the Civil Rights Act of 1964,[1] and the Fifth Amendment of the United States Constitution;[2] and (2) discrimination in violation of Title VII for failure to promote him to fill one of three vacant GS-13 revenue agent positions in the Coordinated Examination Program ("CEP") Group in Jackson, Mississippi. In a combination of sequential rulings, the district court eventually dismissed all of Carter's claims. We affirm.

## I. Analysis

The district court's bench trial findings of fact are reviewed for clear error.[3] The court's legal rulings, including partial summary judgments that in combination resulted in the dismissal of Carter's discrimination employment action, are reviewed de novo.[4] In conducting our review, we have considered the record on appeal, the arguments advanced by counsel in their respective appellate briefs and in their oral arguments before this panel, and the applicable law as cited by counsel and determined independently.

---

[1] 42 U.S.C. § 2000(e), et seq.

[2] U.S. Const. amend. V.

[3] See Quijano v. United States, 325 F.3d 564, 567 (5th Cir. 2003).

[4] See id.; Price v. Federal Express Corp., 283 F.3d 715, 719 (5th Cir. 2002)(district court's grant of summary judgment reviewed de novo).

As a result, we are in agreement with the disposition of Carter's case by the district court.

Carter's institutional discrimination claim, as stated above, was predicated upon the alleged violations of his rights under Title VII and the Fifth Amendment of the United States Constitution. The court properly dismissed Carter's Fifth Amendment claim because Title VII is the exclusive vehicle available to federal employees claiming employment discrimination.[5]

As for Carter's Title VII claim that systematic reverse discrimination over many years prevented him from acquiring the experience and performance evaluations necessary to compete with racially and sexually favored revenue agents and resulted in his failure to obtain promotion, the district court correctly concluded that Carter's claim cannot stand alone as a separate cause of action absent a causal nexus between the alleged historic or current favoring of females and minorities and Carter's failure to obtain promotion.[6] The court also correctly concluded that

---

[5] See Brown v. General Servs. Admin., 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976)(Title VII provides exclusive remedy for claims of discrimination in federal employment); Perez v. Federal Bureau of Investigation, 71 F.3d 513, 515 (5th Cir. 1995).

[6] See Whalen v. Rubin, 91 F.3d 1041, 1045 (7th Cir. 1996)(mere existence of an affirmative action policy is insufficient to prove intentional discrimination absent evidence of a link between the IRS's policies and its actions towards the Title VII plaintiff); see also Frank, et al. v. Xerox Corp., Nos. 02-20416, 02-20516, 2003 WL _____, at *___ (5th Cir. Sept. 30, 2003)(existence of affirmative action policy, coupled with evidence that policy was followed in the adverse employment action, constituted direct evidence of unlawful discrimination)(citing Bass v. Bd. of County

Carter's inability to show such a causal nexus proves fatal to his claim.

Assuming, without granting, that Carter has demonstrated both the existence of an institutionalized system of affirmative action and its negative cumulative effect on white male revenue agents by placing beyond their reach the necessary work experience, awards, and relative fitness ratings, Carter has <u>not</u> causally connected his own individual work experiences with his failure to obtain the particular promotion here at issue. This is perhaps best illustrated by Carter's insistence that the selection panel's reliance on prior CEP experience in ranking the twelve applicants for the three positions, in combination with the systematic prevention of white male agents' obtaining such experience in recent years, constituted a discriminatory practice in the selection process (Carter advances a similar claim in connection with service awards and fitness ratings). Despite this insistence, though, Carter has not shown the specific nexus between the absence of CEP experience in his résumé and the denial of this particular promotion.

Further, during all times pertinent to this inquiry, Carter worked out of the Monroe, Louisiana office of the IRS; and during that time, only one CEP case arose in the area served by that office. The record is uncontradicted that Carter neither

_____

Comm'rs, <u>Orange County, Fla.</u>, 256 F.3d 1095, 1111 (11th Cir. 2001)).

4

specifically requested to participate in that CEP matter nor let it be known generally that he had an interest in such assignments.

Even though systematic exclusion of white males from acquiring such experience as a side effect of favoring females and minorities in past assignments might support some other, differently situated white male GS-12 revenue agent's claim of discrimination in the promotion process, for the reasons above, it does not support Carter's own claim here. As he has failed to demonstrate specific adverse consequences to him in this particular promotion-seeking effort, his claim cannot stand. Merely establishing the existence of a general pattern or practice of discrimination such as that shown to have existed in the IRS under strategic initiative ERR-16 and other programs to attain work force diversity in high-level technical and management positions within the IRS is no substitute for Carter's satisfying the burden in this private, non-class action lawsuit.[7]

In addition, Carter has failed to show pretext in the facially neutral selection process, conducted pursuant to the provisions of the National Treasury Employees Unions' collective bargaining agreement, that resulted in the promotion of the purported racially and sexually favored agents and Carter's low evaluation as tenth

---

[7] See Frank, 2003 WL _____, at *___ (citing Celestine v. Petroleos de Venezuela, S.A., 266 F.3d 343, 355-56 (5th Cir. 2001)(rejecting pattern-or-practice method of proof in private, non-class action lawsuits)).

among the twelve applicants.[8] His assertion that CEP experience is a false or pretextual criterion in the promotion calculus for a GS-13 revenue agent to be promoted to work in the CEP area simply cannot be maintained.

## II. Conclusion

For the foregoing reasons, and those set forth by the district court, that court's rulings, orders, and judgments are, in all respects,

AFFIRMED.

---

[8] See Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 253, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207, 215 (1981); Price, 283 F.3d 715, 722 (5th Cir. 2002)(finding employee's evidence of pretext insufficient to raise a genuine issue as to whether employer's proffered legitimate, non-discriminatory reason was false).